**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY DAMATO,<br>Plaintiff,<br><br>v.<br><br>PETER S. TSIMBIDAROS, et al.,<br>Defendants. | : | CASE NO. 3:15-cv-332 (JAM) |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

Plaintiff Gary Damato is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. The complaint was received on March 5, 2015, and plaintiff's motion to proceed *in forma pauperis* was granted on March 9, 2015. Plaintiff alleges that the defendants provided him ineffective assistance of counsel in connection with state criminal proceedings.

**BACKGROUND**

Plaintiff names as defendants four attorneys: Peter S. Tsimbidaros, Grayson Holmes, William Adsit and Christopher Duby. The following allegations from plaintiff's complaint are accepted as true solely for purposes of the Court's initial review. Attorney Tsimbidaros filed a "perjured Anders brief" which the court denied in January 2012. Doc. #1-1 at 7. Attorney Holmes failed to present any evidence in the state habeas proceeding and failed to cite cases that would have reversed Damato's conviction. Attorney Holmes told Damato that he did not believe the police had acted improperly and did not feel that he had an obligation to report police misconduct in Damato's case. *See* Doc. #1-2 at 3. Attorneys Adsit and Duby filed "perjured Anders briefs." Doc. #1-1 at 12. They declined to address the failure to raise two non-matching wiretaps as an issue for ineffective assistance of appellate counsel. Attorneys Adsit and Duby

also declined to object to procedural misconduct, uncharged misconduct, rebuttal testimony, and a reference to Damato as "a drug derelict violent person." Doc. #1-1 at 13.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court may dismiss any portion of a complaint filed *in forma pauperis* that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

My review concludes that the complaint is plainly subject to dismissal for failure to allege a cognizable claim under § 1983. First, all of the defendants are private attorneys appointed to represent plaintiff in various state criminal and collateral proceedings.[1] To state a section 1983 claim, plaintiff must allege that his constitutional or federally protected rights were violated by a person acting under color of state law. A person acts under color of state law when he exercises "some right or privilege created by the State . . . or by a person for whom the State

[1] A search of the state judicial website reveals that Attorney Holmes represented plaintiff in state habeas proceedings, *Damato v. Warden*, *State Prison*, 2014 WL 1012681 (Conn. Super. Ct. 2014) (judgment after completed trial). Attorney Duby, and presumably Attorney Adsit who is at the same address, also represented plaintiff in state habeas proceedings, *Damato v. Warden, State Prison*, No. TSR-CV12-4004949-S (Conn. Super. Ct. Oct. 4, 2012) (judgment of dismissal entered).

is responsible," and is "a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Private attorneys do not act under color of state law merely because they are licensed by the state. *See Polk County v. Dodson*, 454 U.S. 312, 319 (1981). In addition, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. Here, the defendants either were privately retained or appointed by the state court to act as special public defenders. In either case, they are not state actors, and there is no legal basis for a § 1983 claim against them.

Second, at least three of the defendants represented plaintiff in state habeas proceedings. The Sixth Amendment right to effective assistance of counsel does not extend to state habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Thus, even if the defendants were state actors, there is no cognizable Sixth Amendment claim against defendants Holmes, Duby, and Adsit.

Finally, through this complaint, plaintiff effectively seeks to challenge his conviction. This is improper in a § 1983 action. Any federal court challenge to a state court conviction must be brought in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (and upon proper exhaustion of remedies in the Connecticut state courts). *See Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973). Nor will I construe the complaint as a petition for writ of habeas corpus. Plaintiff has previously litigated a habeas corpus petition challenging his conviction in federal court. *See Damato v. Murphy*, 641 F. Supp. 2d 143 (D. Conn. 2009). In addition, in December 2014, this Court advised plaintiff that he must obtain leave from the Court of Appeals before the pursuing a second or successive petition. *See Damato v. Murphy*, 2014 WL 7338866

(D. Conn. 2014).

**CONCLUSION**

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(ii).

(2) The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 12th day of March 2015 at Bridgeport, Connecticut.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge